In the Matter of SAMUEL M. GOLDBERG, an Attorney, Respondent.

First Department, January 10, 1930.

*Isidor J. Kresel*, for the petitioners.

*Siegel & Corn* [*Isaac Siegel* and *Jacob H. Corn* of counsel], for the respondent.

DOWLING, P. J.   The respondent was admitted to the bar in the New York Supreme Court, Appellate Division, First Department, at the October term thereof in 1912.

The petition herein charges that the respondent had been guilty of misconduct as an attorney at law as alleged in six separate specifications.   The respondent's answer, by failure to deny, admitted certain of the charges; as to the other charges an issue was raised by the answer.   By order of this court, made and entered the 8th day of March, 1929, the matter was referred to a referee to take testimony in regard to the said charges and to report the same with his opinion thereon to this court.   The referee duly reported, sustaining three paragraphs of the petitioners' charges, and the petitioners have moved to confirm this report.

The charges under specifications lettered " a," " b " and " c " thus sustained by the referee relate to the solicitation of accident cases.   Respondent admitted that he obtained cases in this way from January 1, 1923, to February 1, 1928.   He denied personal solicitation of retainers.   The petitioners have stipulated that they had no proof of personal solicitation of cases by respondent.   The referee has found that there is no proof that the respondent personally or individually solicited employment.

The respondent admitted that between January 1, 1923, and February 1, 1928, he employed divers persons, not members of the bar, who, with his knowledge and approval, solicited retainers in personal injury cases and induced persons injured in accidents to retain him as their attorney for the purpose of bringing actions and collecting damages.   He stipulated that nearly one-half of his personal injury cases were obtained in this manner.

Specification " d " charges in substance that in an action brought in the Municipal Court on behalf of an infant, respondent negotiated a settlement of the infant's claim, and before taking his fee, pursuant to the agreement made with the guardian *ad litem*, omitted to procure an order fixing the amount thereof.   It appears that respondent negotiated a settlement of an infant's claim for $350, and of the father's claim for $150, and retained a fee of $200, pursuant to an agreement with the father that the fee should be forty per cent of the amount recovered.   Upon application to the Municipal Court for an order authorizing the settlement, the respondent fully disclosed the terms of this agreement with the father, but obtained no order fixing his fee.   The referee found

that respondent was not actuated by any intent to deceive the court. The referee has found "that there is no basis to the charge set forth in paragraph V, subdivision 'd.'" With this finding the court cannot agree. The Judiciary Law (§ 474, as amd. by Laws of 1912, chap. 229) requires that in infants' cases an order must be obtained fixing the attorney's fee. On behalf of respondent it is urged that the practice current in the Municipal Court made application to have his fee fixed unnecessary. This court does not countenance any practice which ignores the provisions of the Judiciary Law and the Rules of Civil Practice, but respondent cannot be held liable for the failure of the Municipal Court to pass on his application to fix his fee. Why that court should not have done so is unexplained. It was plainly its duty, but many instances of a neglect or refusal so to do have been brought to our attention.

Under specification "e" it is charged that while the "ambulance chasing" investigation was in force before Mr. Justice WASSER-VOGEL, the respondent left the jurisdiction of the Supreme Court of the State of New York and remained out of the State of New York for a period of about five months for the purpose and with the intent of avoiding the service upon him of a subpœna requiring him to appear as a witness in said investigation, and to prevent the court and the persons conducting said investigation from ascertaining material facts regarding respondent's professional conduct as a member of the bar of the State of New York and the practices and abuses which were the subject of the aforesaid investigation.

The "ambulance chasing" investigation started before Mr. Justice WASSERVOGEL in February, 1928. Respondent left for Europe on April 28, 1928, and did not return until July 2, 1928. The petitioners have conceded that respondent was actually ill during this period, but it appears that his condition had existed for more than a year before his trip to Europe. While it is true that respondent was in this jurisdiction during the early part of the investigation and upon his return from Europe before the hearings were closed, the referee has found that the respondent's impelling motive in leaving the jurisdiction was his apprehension of being called as a witness and his desire to take himself out of the investigation, although he was unaware that a subpœna had already been issued for his attendance at the hearing. The learned referee has found that, upon his return, respondent offered himself for examination and the justice presiding and the counsel were so advised, but he never was called as a witness.

Under specification "f" it is charged that during respondent's

absence from the State of New York, his clerks and employees, none of whom were admitted to the bar, with his knowledge and consent conducted the business of his office, accepted retainers in his name from clients, instituted suits in behalf of clients, using the respondent's name as attorney for the plaintiffs therein, and conducted negotiations and procured settlements of claims in their behalf. The record establishes, as found by the referee, that before leaving the jurisdiction respondent arranged to have the operations of his law office supervised by an attorney and counselor at law, that he did supervise the office to some extent, and that some of the documents in the office were drawn by another attorney at law. There is no direct evidence that the respondent intended his practice to be continued during his absence by his employees, except under the general supervision of the attorney arranged for.

Upon all these facts, we are of the opinion that the respondent should be suspended for one year, with leave to apply for reinstatement at the expiration of that term upon proof of his compliance with the conditions to be incorporated in the order to be entered hereon.

MERRELL, FINCH, MCAVOY and PROSKAUER, JJ., concur.

Respondent suspended for one year, with leave to apply for reinstatement at the expiration of that term upon proof of his compliance with the conditions incorporated in the order.