In the Matter of HERMAN KREIZVOGEL, an Attorney, Respondent.

First Department, March 10, 1930.

*Isidor J. Kresel* of counsel [*H. Barton Farr* with him on the brief], for the petitioners.

*John McKim Minton, Jr.,* for the respondent.

DOWLING, P. J. Respondent was admitted to practice as an attorney and counselor at law in the State of New York on June 21, 1916, at a term of the Appellate Division of the Supreme Court of the State of New York, Second Department.

The petition charges that respondent has been guilty of misconduct as an attorney at law as follows: (1) Solicitation of personal injury cases; (2) failure to obtain court orders fixing his fee in infant cases as required by section 474 of the Judiciary Law;* (3) improper retention and conversion to his own use of money collected for his clients. Respondent answered admitting that infants' cases were settled without obtaining court orders, and denying the other charges. The matter was referred to a referee to take testimony in regard to the charges and to report the same with his opinion thereon. The learned referee has duly reported and the petitioners move for such action in the matter as this court deems proper.

Before the referee counsel for the petitioners stated that the charges involving improper retention and conversion of clients' money had not been sustained, and recommended that the respondent be found not guilty thereof. The referee has reported that these charges have not been sustained.

The referee has found that the respondent failed to obtain court

* Amd. by Laws of 1912, chap. 229.— [REP.

orders on the settlement of two infants' cases. We have already expressed our attitude regarding this all too common practice among attorneys devoting most of their efforts to negligence work. (See *Matter of Goldberg*, 227 App. Div. 502; *Matter of Jeromer*, 228 id. 123.) There is no need for further reiteration of our views thereon.

The referee has found that the charge of solicitation has been proven in only one instance. The petitioners do not object to the finding that solicitation was not proven in other instances.

In the case of Sophie Kron the testimony is that she was struck by an automobile and taken to Bellevue Hospital and from there she went to her home. The night of the day of the accident a man whom she had never seen before, and for whom she had not sent, came to her home, and, as she testified: " Yes, he came and said — he give me a paper to read, and I can't read so my son says to me he said ' Read this, I am a good lawyer, so don't be afraid,' and I should sign. So I never was in court in my life and my son said, ' Sign, mama,' that I should sign the lawyer, Mr. Kreizvogel, so he had, ' Sign right here.' So, I signed it." It is admitted that respondent represented Mr. Kron. His explanation as to how the case came to him is as follows: " A woman by the name of Byrnes lives next door who is a client of mine, for whom I have a case at the present time, and I believe that she called me up and that she had spoken to Mrs. Kron about it."

Speaking of respondent's explanation as to how the Kron case came to his office, the referee said: " If the respondent's statement is true, I cannot understand how he failed to call Mrs. Byrnes; and I notice that he does not swear positively that Mrs. Byrnes brought the case to his office." In view of respondent's own testimony that at the time of the hearing he had a case pending with Mrs. Byrnes, a case in which she was injured, his failure to call her is particularly important.

Mrs. Kron's testimony in this matter would indicate that an attempt was made some three weeks prior to the hearing before the referee to have her testify that Mrs. Byrnes recommended respondent. Mrs. Kron refused to so testify. She testified that she did not know Mrs. Byrnes. She was unable to identify respondent when he was pointed out to her before the referee. Respondent testified that he himself did not go to see Mrs. Kron to have her testify that Mrs. Byrnes visited her nor did he send any one. We infer from the testimony of Mrs. Kron that the individual who solicited her claim for personal injury made the attempt to have her testify contrary to the truth but there is nothing that convinces us that respondent either initiated or acquiesced in this effort.

The record in this case does not indicate extensive indulgence in solicitation. But for what has been shown along that line, with respondent's practice in failing to comply with the statute in reference to settlement of infants' cases, we feel that respondent should be censured.

FINCH, MCAVOY, MARTIN and O'MALLEY. JJ., concur.

Respondent censured.