In the Matter of Henry R. Shields (Admitted as Hyman J. Sheinblum), an Attorney, Respondent. In the Matter of Harold Meyers, an Attorney, Respondent. Co-ordinating Committee on Discipline of the Association of the Bar of the City of New York et al., Petitioners.

First Department, March 8, 1962.

*Henry Weiner* (*Allen Harris* with him on the brief), attorney for petitioner.

*Benjamin Heller* of counsel (*Martin H. Selman* and *Whitman Knapp* with him on the brief; *Kreutzer, Heller & Selman,* attorneys), for respondents.

*Per Curiam.* Four charges of professional misconduct are made against respondents. The first is that respondents knowingly submitted or caused to be submitted in behalf of their clients false statements of loss of earnings to insurance carriers; 11 of 22 specifications have been sustained. We conclude the evidence supports the sustained specifications, except as to the claimant Stoloff. In five cases the claimants and the alleged employers were unknown to each other. In the remaining five cases the claimants were employed as stated but the claimants did not sustain and made no claims to the respondents for loss of earnings. In every case the claimant was unaware of the claim for loss of earnings made in his behalf.

The second charge is that respondents knowingly submitted or caused to be submitted to insurance carriers false medical reports; 9 of 15 specifications have been sustained. We find the evidence supports the sustained specifications, except as to the claimant Wasserman. Respondent Meyers referred seven of the claimants to the physicians whose reports are involved; four claimants testified they had not been treated by the doctors. In those cases where claimants were attended by the certifying doctors, the statements falsely and materially enlarged the injuries, medical services and the value thereof.

The third charge is that respondents compromised two claims of infants without complying with rule 294 of the Rules of Civil Practice and section 474 of the Judiciary Law. This charge is admitted.

The fourth charge is that respondents indulged in the practice of splitting fees. We have reviewed the testimony thereon and conclude the evidence does not sustain the charge.

The admitted failure to comply with rule 294 of the Rules of Civil Practice constitutes professional misconduct. (*Matter of Goldberg,* 227 App. Div. 502; *Matter of Linden,* 228 App. Div. 497; *Matter of Shufer,* 12 A D 2d 208, 214.)

Submitting or causing the submission of false statements of loss of earnings and false medical reports to insurance carriers is professional misconduct. (*Matter of Wysell,* 10 A D 2d 199.)

Respondent Shields disclaims knowledge of the alleged misconduct. We have carefully reviewed the record and conclude it demonstrates knowledge on the part of said respondent of the transactions which are the subject of the charges sustained. Although respondent Meyers was more concerned than respond-

ent Shields with the prosecution of tort claims, on this record his knowledge of the gross disparity between the alleged and actual injuries and the amounts of the settlement is clear.

Respondent Shields for many years knew the owner of one of the alleged employers, Moran Color Laboratories, under whose letterhead a false statement of loss of earnings was submitted in support of the claim of two clients without the knowledge of the clients or the alleged employer; Shields also knew the principals of two other alleged employers (Mastermade Furniture Co. and N. J. N. Novelty Co.) under whose letterheads false statements of loss of earnings were submitted under similar circumstances. Said respondent also attended physical examinations, pretrial proceedings, calendar calls; procured and examined hospital records and prepared bills of particulars. Shields described the practice of the respondents " as a claims office, not as a legal office ".

In the circumstances, Shields' participation in the prosecution of tort claims was substantial. He admittedly drew the checks consequent on the settlements. He received at various times and progressively 40% to 50% of the profits, and is equally with Meyers responsible for the pattern of professional misconduct resulting in the profits. (*Matter of Weitz*, 11 A D 2d 76, affd. 9 N Y 2d 735.)

The record amply sustains the findings we have confirmed and there is a demonstrated unfitness on the part of the respondents to remain members of this honorable profession.

Respondents should be disbarred.

Botein, P. J., McNally, Stevens, Eager and Steuer, JJ., concur.

Respondents disbarred.