In the Matter of SEYMOUR BREITERMAN, an Attorney, Respondent. CO-ORDINATING COMMITTEE ON DISCIPLINE OF THE ASSOCIATION OF THE BAR OF THE CITY OF NEW YORK, THE NEW YORK COUNTY LAWYERS' ASSOCIATION AND THE BRONX COUNTY BAR ASSOCIATION, Petitioner.

First Department, March 16, 1965.

554

*Henry Weiner* for petitioner.

*Hyman Roffe* and *Alexander Dreiband* for respondent.

*Per Curiam.* Respondent was admitted to practice in this Department in 1952. Since 1954 his practice has been predominantly concerned with claims for personal injuries. Between 1955 and 1962 respondent filed 1,348 statements of retainer involving 2,112 claimants.

The petition alleges 8 charges containing 74 specifications. Three charges — compromise of infants' claims without court orders, splitting fees with a lay adjuster and commingling funds — have been sustained on facts substantially undisputed.

Respondent is also charged with 21 specifications of illegal solicitation. One was withdrawn and 20 found not sustained after extended hearings during which many witnesses testified and voluminous exhibits were received in evidence. As was observed in *Matter of Kreisel* (21 A D 2d 431, 434): "It is not always a simple matter to distinguish between what is valid neighborhood appreciation, with the concomitant referral of matters to the beneficiary, and mass solicitation". Here we have an unusual number of cases referred by a similar group of individuals under circumstances spelling out a plan to create

settlement funds from which substantial repair bills could be paid. We believe the learned Referee erred in failing to credit the testimony of the accident victims who had no motive to falsify and were not hostile to respondent and for whom in most cases he negotiated satisfactory settlements. True, there is no proof of payment in the case at bar but proof of payment to a solicitor for his services is not essential in disciplinary proceedings. (*Matter of Schacht,* 228 App. Div. 232, 238.) The giving of value makes the offense more intentional and reprehensible. (*Matter of Shufer,* 12 A D 2d 208, 212.) We disapprove the findings of the Referee and on this record sustain the charge of solicitation. (*Matter of Feldman,* 17 A D 2d 553.)

The compromise of infants' claims without court approval has been repeatedly condemned. (*Matter of Shields,* 16 A D 2d 50; *Matter of Gladstone,* 16 A D 2d 512; *Matter of Shufer, supra; Matter of Gordon,* 229 App. Div. 88; *Matter of Goldberg,* 227 App. Div. 502.) That the respondent in two of the eight cases did not charge any fee and in no case received more than one third of the recovery are extenuating circumstances but do not serve to exculpate.

The employment of lay adjusters is professional misconduct. (*Matter of Ander,* 22 A D 2d 14; *Matter of Pincus,* 20 A D 2d 655; *Matter of Gladstone, supra.*) It would appear from the disclosure of the payments in the closing statements filed by him that respondent was unaware of canon 34 of the Canons of Professional Ethics proscribing the division of legal fees, except with another lawyer and upon the basis of the division of service or responsibility, and that the respondent discontinued the practice several years prior to the institution of this proceeding.

Respondent also failed to maintain a special account. In all but three cases respondent issued his check to the client and thereafter deposited to his account the check representing satisfaction of the claim. In three cases the settlement checks were deposited to respondent's account one day prior to payment to the clients. There is no evidence of financial detriment as to any client of the respondent.

We note in extenuation that the respondent co-operated in the conduct of the investigation of his professional conduct and that no client appears to have been adversely affected. (*Matter of Feldman, supra.*) The professional misconduct, however, is serious.

Accordingly, respondent should be suspended for two years.

BOTEIN, P. J., BREITEL, VALENTE, McNALLY and EAGER, JJ., concur.

Respondent suspended from the Bar for a period of two years, effective April 16, 1965.