In the Matter of SEYMOUR BREITERMAN, an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, January 9, 1990

### APPEARANCES OF COUNSEL

*Richard M. Maltz* of counsel *(Hal R. Lieberman,* attorney), for petitioner.

*Frederick P. Hafetz* of counsel *(Goldman & Hafetz,* attorneys), for respondent.

### OPINION OF THE COURT

Per Curiam.

Respondent Seymour Breiterman was admitted to the prac-

tice of law in New York by the First Judicial Department on December 1, 1952. At all times relevant herein respondent has maintained an office for the practice of law within the First Department.

On May 5, 1989, respondent was convicted upon a plea of guilty in the United States District Court for the Eastern District of New York of bribing a public official in violation of 18 USC § 201 (c) (1) (A) and filing a false income tax return in violation of 26 USC § 7201, both Federal felonies. Respondent was sentenced to a term of probation of two years and fined $15,000 on each count. The terms of probation and the fines for both counts were to be concurrent, resulting in a total period of probation of two years and a total fine of $15,000. In addition, respondent was assessed $50 on each count, for a total of $100.

Respondent's conviction arose out of his giving $200 to a public official of the United States Environmental Protection Agency on March 10, 1987 and his filing a false income tax return for the calendar year 1983 in which he substantially underreported his taxable income.

By notice of petition and petition dated September 15, 1989, the Departmental Disciplinary Committee seeks an order determining that the crimes which respondent has been convicted of, Federal felonies, are "serious crimes" as defined in section 603.12 (b) of this court's rules (22 NYCRR) and New York Judiciary Law § 90 (4) (d); suspending respondent from the practice of law pursuant to Judiciary Law § 90 (4) (f); and directing respondent to show cause within 30 days why a final order of censure, suspension or removal from office should not occur pursuant to Judiciary Law § 90 (4) (g).

Respondent admits that he has been convicted of the Federal felonies as alleged by the Committee but states that his plea of guilty under 18 USC § 201 (c) (1) (A) was to the charge of giving an unlawful gratuity and not to "bribing" a public official. In any event, respondent concedes that said crimes are "serious crimes" as defined by the Judiciary Law and rules of this court.

Judiciary Law § 90 (4) (d) defines "serious crimes" in pertinent part as "any criminal offense denominated a felony under the laws of any state, district or territory or of the United States which does not constitute a felony under the laws of this state".

Section 603.12 (b) of the rules of this court states in perti-

nent part "[t]he term 'serious crime' shall include any felony, not resulting in automatic disbarment under the provisions of subdivision 4 of section 90 of the Judiciary Law".

Since a hearing is statutorily mandated pursuant to Judiciary Law § 90 (4) (h) and 22 NYCRR 603.12 (a), respondent's request for an order referring this matter should be granted.

Accordingly, this court finds the offenses respondent has been convicted of to be "serious crimes" pursuant to Judiciary Law § 90 (4) (d), suspends respondent from the practice of law pursuant to Judiciary Law § 90 (4) (f) and orders respondent to show cause within 30 days why a final order of censure, suspension or disbarment should not be entered pursuant to Judiciary Law § 90 (4) (g). Further, this matter is referred to the Departmental Disciplinary Committee for a hearing in mitigation and on the issue of sanction pursuant to Judiciary Law § 90 (4) (h).

MURPHY, P. J., KUPFERMAN, CARRO, KASSAL and WALLACH, JJ., concur.

Respondent is directed to show cause why a final order of censure, suspension or disbarment should not be entered; a hearing is directed to be held on the issue of sanction, with a report and recommendation to be issued to this court; and, pending final determination of the petition, respondent is suspended from practice as an attorney and counselor-at-law, effective immediately, and until the further order of this court, all as indicated.