In the Matter of SEYMOUR BREITERMAN, an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, July 18, 1991

## APPEARANCES OF COUNSEL

*Richard M. Maltz* of counsel *(Hal R. Lieberman,* attorney), for petitioner.

*Frederick P. Hafetz* of counsel *(Candace Reid* with him on the brief; *Goldman & Hafetz,* attorneys), for respondent.

## OPINION OF THE COURT

Per Curiam.

Respondent, Seymour Breiterman, was admitted to the practice of law in New York by the First Judicial Department on December 1, 1952. At all times relevant herein respondent has maintained an office for the practice of law within the First Department.

On May 5, 1989, respondent was convicted upon a plea of guilty in the United States District Court for the Eastern District of New York of giving an unlawful gratuity to a public official, in violation of 18 USC § 201 (c) (1) (A); and filing a false income tax return, in violation of 26 USC § 7201, both Federal felonies. Respondent was sentenced to a term of probation of two years and fined $15,000 on each count. The term of probation and the fines for both counts were to be concurrent, resulting in a total period of probation of two years and a total fine of $15,000. In addition, respondent was assessed $50 on each count, for a total of $100.

Respondent's conviction arose out of his giving $200 to a public official of the United States Environmental Protection Agency (EPA) on March 10, 1987 and his filing a false personal income tax return for the calendar year 1983 in which he substantially under reported his taxable income.

By order (M-5312) entered on January 9, 1990, this court determined that the crimes respondent has been convicted of are "serious crimes"; suspended respondent from the practice of law pending the outcome of these proceedings; and referred the matter to the Committee to conduct a hearing and to recommend the appropriate sanction. *(Matter of Breiterman,* 153 AD2d 173 [1st Dept 1990].)

Respondent testified that he is 64 years old, has been married for 30 years and has one son. Respondent served in the United States Army in 1945 and 1946 and received an honorable discharge.

Upon graduation from New York University Law School in 1952, he worked for several small firms for a few years. In 1956, respondent went into practice for himself, specializing in plaintiffs' personal injury cases.

In 1965, respondent was suspended from the practice of law for a period of two years. This suspension resulted from his

compromising infants' claims, without court orders, splitting fees with a lay adjuster, commingling funds and illegally soliciting clients. *(Matter of Breiterman,* 22 AD2d 553 [1st Dept 1965].) On April 24, 1967, respondent was reinstated to the practice of law on motion. *(Matter of Breiterman,* 28 AD2d 513 [1st Dept 1967].) Respondent testified that since his readmission for the past 23 years, he has practiced law with an unblemished record until the instant case.

With respect to the circumstances surrounding his criminal convictions, respondent stated as follows:

Concerning the unlawful gratuity, respondent explained that in 1987 he paid $200 to an EPA inspector, who had been arrested previously and was cooperating with the Government. He later learned that the inspector had been wired by the Federal authorities and had approached and solicited payments from numerous contractors prior to approaching respondent's company. The inspector came to the office of respondent's demolition company in March 1987 and threatened to issue a criminal citation against the company based on allegedly false accusations that the company illegally disposed of asbestos. Respondent repeatedly denied the inspector's accusations and after a considerable amount of time passed, the EPA inspector allegedly stated, "We can settle this amicably". The inspector mentioned the criminal violation again and respondent stated, "What do you want? Do you want money? What are you doing here?" The inspector replied that he wanted $2,500. Respondent repeatedly denied the inspector's accusation but eventually paid him $200 to prevent him from issuing a criminal citation, albeit false, against the company. Respondent admitted that what he did was "reprehensible" and that he was arrogant in talking to the EPA agent. Respondent has paid all fines with respect to the unlawful gratuity conviction.

With respect to his failure to report taxable income, respondent acknowledged that he pleaded guilty to failing to report approximately $60,000 in personal taxable income for the year 1983 and that his failure to report an additional $40,000 for the years 1982 and 1984 was known to the law enforcement authorities at that time. Respondent testified that he has paid the Federal and State tax authorities for all tax liability and presented proof of payment. With respect to the $15,000 fine imposed by the Federal court, respondent stated that he has paid $10,000 and the remaining $5,000 is being paid in $500

monthly installments, pursuant to an agreement with the probation office.

At the conclusion of the testimony, respondent's counsel requested that the Panel recommend that respondent be suspended for a period of 18 months, nunc pro tunc to the date of the court-ordered suspension.

On January 14, 1990 the Hearing Panel issued its written report unanimously recommending that respondent be suspended from the practice of law for a period of five years, effective January 1, 1990, the date of the court-ordered interim suspension.

By notice of motion dated February 10, 1991, the Departmental Disciplinary Committee now seeks an order from this court confirming the Hearing Panel's findings of fact and conclusions of law and imposing the recommended sanction of suspension from the practice of law for a period of five years nunc pro tunc to January 9, 1990, the date of the court-ordered interim suspension.

In response, respondent's counsel requests that this court disaffirm the Hearing Panel's report and impose a suspension for a period of 18 months.

Although the sanctions generally imposed for each of the offenses involved herein more accurately range from a six-month to a one-year suspension, the Hearing Panel properly determined that the circumstances of this case warrant the imposition of a more severe sanction.

The aggravating factors involved here, to wit, respondent's prior suspension for a period of two years (albeit that it took place 25 years ago) which involved conduct that adversely reflected upon his honesty and integrity and that the two recent Federal felony convictions also involve conduct that adversely reflects on respondent's honesty and integrity, clearly warrant the imposition of the sanction recommended by the Hearing Panel.

Accordingly, the Committee's motion to confirm the Hearing Panel's report should be granted and the recommended sanction of a five-year suspension nunc pro tunc to January 9, 1990, the date of the court-ordered interim suspension, be imposed.

Respondent's cross motion for an order disaffirming the Hearing Panel's report should be denied in its entirety.

MURPHY, P. J., CARRO, WALLACH, KUPFERMAN and KASSAL, JJ., concur.

Motion by the Departmental Disciplinary Committee to confirm the Hearing Panel's report is granted and the recommended sanction of a five-year suspension nunc pro tunc to January 9, 1990, the date of the court-ordered interim suspension is imposed; and respondent's cross motion for an order disaffirming the Hearing Panel's report is denied in its entirety.